IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:05CV425 LG-RHW |
| | ) | |
| JIMMY T. HERRINGTON, ET AL, | ) | |
| | ) | |
| Defendants. | ) | |

## DECREE OF FORECLOSURE AND ORDER OF SALE

In accordance with the Court's Judgment entered May 3, 2006 in the above-captioned action granting the United States' Motion for Default Judgment against Defendant Jimmy T. Herrington, and pursuant to 28 U.S.C. §§ 2001 and 2002, and 26 U.S.C. §§ 7402 and 7403, it is hereby ORDERED as follows:

1.    The Defendant Jimmy T. Herrington is indebted to the United States of America for assessed and unpaid Federal income tax liabilities for the taxable years 1991-1993, inclusive, in the total amount of $584,640.88 as of April 13, 2006, plus further interest and statutory additions thereon as provided by law.  Interest shall accrue daily at the rate provided for by sections 6601, 6621 and 6622 of the Internal Revenue Code (26 U.S.C.) to the date paid in full.

2.    Pursuant to 26 U.S.C. § 6321 the United States has valid Federal tax liens arising out of Jimmy T. Herrington's assessed and unpaid Federal income tax liabilities

for the taxable years 1991-1993 upon all property and rights to property belonging to

Jimmy T. Herrington, and specifically, upon the real property at issue in this proceeding

located at 6103 Highway 613 South, Lucedale, Mississippi 39452, and more particularly

described as follows:

GEORGE COUNTY, MISSISSIPPI

TOWNSHIP 3 SOUTH, RANGE 5 WEST

SECTION 6:  All of the NW¼ of SE¼, said section, township and range, lying West of and adjacent to Mississippi State Highway No. 613, less and except three (3) acres thereof particularly described as follows: Beginning at the Southwest corner of said NW¼ of SE¼ and thence run East 630 feet more or less to the center line of Mississippi State Highway No. 613, thence run North along the center line of said highway a distance of 190 feet, thence run in a Northwesterly direction to a point 230 feet North of the point of beginning, and thence run South 230 feet back to the place of beginning.

The land hereby conveyed is estimated to contain twenty-three (23) acres more or less.

3.      This property, and all the improvements, buildings, fixtures and

appurtenances thereon and thereunto pertaining, and all rental proceeds therefrom,

whether individually or collectively, are hereinafter referred to as the "Subject Property".

4.      The Federal tax liens described above are valid and are being enforced

through a foreclosure upon the Subject Property pursuant to 26 U.S.C. §§ 7402 and 7403

and this Decree of Foreclosure and Order of Sale entered by this Court.

5.      The Internal Revenue Service Property Appraisal and Liquidation

Specialists (PALS) shall offer for public sale and sell the Subject Property to the highest

and best bidder for cash, subject to certain other rights as set forth in this Order.  No further orders or process from this Court shall be required to effectuate the sale by PALS of the Subject Property.

      6.     The representatives of PALS are authorized to have free access to the Subject Property during reasonable business hours prior to taking physical possession of the Subject Property.  PALS shall take all actions appropriate to conserve and preserve the Subject Property until the deed thereof is delivered to the successful purchaser.

      7.     All persons occupying the Subject Property shall deliver up the Subject Property to the PALS representative, including all keys thereto, suitably labeled, and shall permanently vacate the Subject Property within thirty (30) days of the date this Order is entered.  All such persons shall take with them their personal property, but without removing any improvements, buildings, fixtures and appurtenances on the Subject Property.  If any such person fails or refuses to vacate the Subject Property as specified herein, the United States Marshal and his deputies are authorized and directed to take all actions reasonably necessary to eject that person at the request of the PALS representative.  If any such person fails or refuses to remove his or her personal property from the Subject Property within the time specified herein, such personal property remaining on thereafter is deemed forfeited and abandoned, and the United States Marshal and his deputies are authorized to remove it from the Subject Property and dispose of it as the Marshal and his deputies deem appropriate.  This Order shall serve as a Writ of Assistance or Writ of Possession, as appropriate, and no further order from this

Court shall be required for this purpose.  Upon the sale of the real property, the liens and

claims of the parties to this action shall attach to the Subject Property in the order and

amounts specified in the Stipulation to Recognize Claim of Merchants & Marine Bank,

Mississippi State Tax Commission, and Alfa Insurance Company and Setting Priorities

filed on June 9, 2006.  Alfa Insurance Company's lien against Jimmy T. Herrington was

extinguished and Alfa Insurance Company was dismissed from this action pursuant to the

Joint Stipulated Order filed May 25, 2006.

      8.     The sale of the Subject Property by public auction shall be held at the

location of the Subject Property or at such other place within George County, Mississippi,

as determined in the discretion of PALS, no later than 90 days from the entry of this

Order, in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002.  After PALS

has determined the date, time and place for the sale, PALS shall insert the same in the

Notice of Sale of Real Property attached hereto, and shall promptly mail a copy of such

Notice of Sale of Real Property to each of the following:

| | |
|---|---|
| Jimmy T. Herrington<br>6103 Highway 613 South<br>Lucedale, Mississippi  39452 | James T. Lyons<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>P.O. Box 14198, Ben Franklin Station |
| J. Scott Corlew<br>Post Office Drawer 1529<br>Pascagoula, Mississippi  39568-1529 | Washington, D.C.  20044 |
| James L. Powell<br>Post Office Box 1033<br>Jackson, Mississippi  39215 | Dunn O. Lampton<br>United States Attorney<br>Attn: Pshon Barrett<br>Assistant U.S. Attorney<br>1575 20th Avenue<br>Gulfport, Mississippi  39501 |

9.      The date, time and place of sale shall also be announced by PALS by advertising a Notice of Sale of Real Property substantially in the form of the Notice attached hereto once each week for four consecutive weeks preceding the date fixed for the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district of the United States where the Subject Property is situated, and by any other notice PALS may in its discretion deem appropriate.  The notice shall contain a description of the realty and shall contain the terms and conditions of sale as set forth in this Order.

10.      The terms and conditions of the sale are as follows:

a.      PALS may set a minimum bid for the sale in its sole discretion.

b.      The sale shall be subject to all laws, ordinances and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

c.      The sale shall be free and clear of any and all claims, liens, encumbrances, rights, equities and interests of the defendants and all persons, firms or corporations claiming by, through or under the defendants or any interests acquired since the notice of lis pendens filed in this action except as otherwise provided herein.

d.      Merchants & Marine Bank shall be entitled to credit bid to the extent of its lien at the sale of the Subject Property.

e.     The successful bidder shall be required to deposit with PALS cash or cashier's check of twenty (20) percent of the amount bid on the date of the sale and within two (2) hours after completion of the sale.  Such time may be extended for good cause in the sole discretion of PALS.

f.     The successful bidder shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law.

g.     The balance of the purchase price shall be tendered to PALS by the successful bidder within thirty (30) days following the date of the sale.  Payment shall be made by cashier's check payable to the Clerk, United States District Court for the Southern District of Mississippi.  If the bidder fails to fulfill this requirement, the deposit shall be forfeited and applied to the expenses of sale, with any amount remaining to be retained by PALS as damages, and the Subject Property shall again be offered for sale under the terms and conditions set forth in this Order.

11.     If the Subject Property does not sell at the first sale for at least the amount of the minimum bid as set by the United States or as determined by this Court, within 75 days of the first sale PALS shall serve a second Notice of Sale of Real Property in a form substantially similar to the Notice of Sale of Real Property used for the first sale. The second sale of the Subject Property shall be conducted no later than 120 days after the first attempted sale of the Subject Property.

12.     The sale of the Subject Property shall be subject to confirmation by this Court, and upon confirmation and receipt of the full purchase price of such sale, PALS shall execute and deliver a deed conveying the Subject Property to the successful purchaser.

13.     Jimmy T. Herrington and any tenants or persons occupying the Subject Property shall not commit waste against the Subject Property, nor shall they cause or permit anyone else to do so.  They shall not do anything that tends to reduce the value or marketability of the Subject Property, nor shall they cause or permit anyone else to do so. They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements) that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public auction.  No person receiving notice of the entry of this Order shall take any steps to impede PALS in the execution of its duties, except pursuant to further order of this Court.  Jimmy T. Herrington shall maintain insurance on the Subject Property to keep the Subject Property insured against, among other things, peril.

14.     Upon the sale of the Subject Property, PALS shall remit the sale proceeds to the Clerk of the Court with a Report of Sale itemizing the expenses incurred in maintaining and selling the Subject Property.  These expenses will be assessed against Jimmy T. Herrington by PALS and remitted to the United States from the sale proceeds.

15.     Upon the sale of the Subject Property, the liens and claims of the parties to this action shall attach to the proceeds of sale in the same order that their liens and claims attached to the Subject Property as specified in the Stipulation to Recognize Claim of Merchants & Marine Bank, Mississippi State Tax Commission, and Alfa Insurance Company and Setting Priorities filed on June 9, 2006.

16.     After PALS remits the sale proceeds to the Clerk of Court as set forth above, this Court shall enter an appropriate order directing the Clerk to distribute the balance of the sale proceeds according to the priorities specified in the Stipulation to Recognize Claim of Merchants & Marine Bank, Mississippi State Tax Commission, and Alfa Insurance Company and Setting Priorities filed on June 9, 2006.  Any excess proceeds shall be paid to Jimmy T. Herrington.

17.     This Court shall retain jurisdiction over this cause for purposes of making any and all further orders and decrees as may be just and equitable, including without limitation orders of distribution and orders permitting private sale upon proper motion.

IT IS FURTHER ORDERED that the Clerk of Court shall immediately mail a copy of this Order to all counsel of record herein and to the Internal Revenue Service at the addresses set forth below and shall also deliver a copy to the United States Marshal.

SO ORDERED AND ADJUDGED this the 19th day of June 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
U.S. DISTRICT JUDGE

Agreed to by:

/s/ J. Scott Corlew
J. Scott Corlew
Counsel for Merchants & Marine Bank

/s/ James L. Powell
James L. Powell
Counsel for Mississippi State Tax Commission

/s/ James T. Lyons
James T. Lyons
Counsel for United States

Copies to:

Jimmy T. Herrington
6103 Highway 613 South
Lucedale, Mississippi  39452

J. Scott Corlew
Post Office Drawer 1529
Pascagoula, Mississippi  39568-1529

James L. Powell
Post Office Box 1033
Jackson, Mississippi  39215

James T. Lyons
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198, Ben Franklin Station
Washington, D.C.  20044

Dunn O. Lampton

United States Attorney
Attn: Pshon Barrett
Assistant U.S. Attorney
1575 20th Avenue
Gulfport, Mississippi  39501

David Chapman
2743 Perimeter Parkway
Building 200, Suite 120
Augusta, Georgia  30909